JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| PAMELA THOMPSON,<br><br>                    Petitioner,<br><br>        v.<br><br>WARDEN,<br><br>                    Respondent. | No. CV 13-4544-GAF (PLA)<br><br>**ORDER DISMISSING SUCCESSIVE PETITION WITHOUT PREJUDICE** |

Petitioner initiated this action on June 11, 2013, by filing a letter and multiple attached documents in the United States District Court for the Northern District of California. The transferring court construed the letter as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"), and transferred the action to this Court on June 18, 2013, based on its determination that the Petition challenges convictions sustained in the Central District of California. (See Transfer Order). In the Petition, petitioner represents that she is currently "serving a 33[-year-]to[-]life sentence under the [T]hree Strikes [L]aw." (Petition). Petitioner asks "how [she] could have received this lengthy sentence" pursuant to a 1995 conviction in the Los Angeles County Superior Court when, in connection with her 1989 guilty plea and conviction in the same court, counts 6 through 10 were dismissed as part of her plea bargain. (See Petition & Attachments at 1-2, 4, 8-9). Petitioner asserts that when she took the plea deal in 1989, "there

was no mention of a strike," and further represents that she "never signed" the 2-page plea agreement in connection with which she pleaded guilty. (See Petition Attachments at 1, 5-7). As best as the Court can discern, it appears that petitioner is challenging the use of her 1989 guilty plea and conviction in the Los Angeles County Superior Court to enhance her sentence in a 1995 conviction in the same court, which resulted in her sentence of 33 years to life.

First, with respect to petitioner's 1989 conviction, she received a sentence of 7 years in state prison in exchange for her guilty plea. (See Petition Attachments at 1-2, 8-9). As noted supra, petitioner was subsequently sentenced to 33 years to life pursuant to her 1995 conviction. (See Petition & Attachments at 4, 9). Accordingly, it does not appear that petitioner is currently incarcerated under her *1989* conviction. A Section 2254 petitioner must show that she is "in custody pursuant to the judgment of a State court" (28 U.S.C. § 2254(a)), and a petitioner is not "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time her petition is filed. Maleng v. Cook, 490 U.S. 488, 491-92, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). "[O]nce a state conviction is no longer open to direct or collateral attack in its own right ... the conviction may be regarded as conclusively valid." Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403-04, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001) (internal citation omitted). This is true even where that conviction is used to enhance a subsequent sentence. Maleng, 490 U.S. at 492; Lackawanna, 532 U.S. at 401.[1] Here, because petitioner has not shown that her 1989 conviction is still open to either direct or collateral attack in its own right, she has not established that she is "in custody" under that conviction such that she may challenge it in a habeas petition.

---

[1] While the Supreme Court discussed possible exceptions to the Lackawanna bar, none of the exceptions applies in petitioner's case. For example, petitioner does not claim that she was deprived of a Sixth Amendment right to appointed counsel at the time she entered her 1989 guilty plea, and in fact, the attachments to the Petition reflect that she *was* represented by appointed counsel in that case (see Petition Attachment at 8-9). See Lackawanna, 532 U.S. at 404; Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Further, there is no evidence that petitioner was ever prevented from seeking a direct appeal or state collateral relief from her 1989 conviction; nor has she cited any newly discovered evidence establishing that she is actually innocent of committing the crime(s) underlying her 1989 conviction. See Lackawanna, 532 U.S. at 405. Thus, petitioner is unable to avoid the Lackawanna bar to her claim.

Second, insofar as petitioner seeks in the instant Petition to challenge her 1995 conviction and sentence, the Petition is successive. On July 9, 1999, in Case No. CV 99-7048-FMC (PLA), petitioner filed a prior petition challenging her 1995 conviction and resulting sentence (the "1999 Petition"). (See Case No. CV 99-7048-FMC (PLA), Docket Nos. 1, 21). The 1999 Petition was dismissed on the merits with prejudice pursuant to the Judgment entered on December 26, 2001. (See Case No. CV 99-7048-FMC (PLA), Magistrate Judge's Report and Recommendation at 30-31, Judgment).

A habeas petition is second or successive if it raises claims that were or could have been adjudicated on their merits in a previous petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); see also Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." McNabb, 576 F.3d at 1029.

The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In her 1999 Petition, petitioner raised two claims challenging her 1995 conviction and sentence. (See Case No. CV 99-7048-FMC (PLA), Magistrate Judge's Report and Recommendation at 6-7). As mentioned above, the action was dismissed on the merits with prejudice. (See Case No. CV 99-7048-FMC (PLA), Order Adopting Magistrate Judge's Report and Recommendation, Judgment). After petitioner was granted a certificate of appealability, on November 14, 2003, the Ninth Circuit Court of Appeals affirmed the judgment of the District Court. (See Case No. CV 99-7048-FMC (PLA), Docket No. 39).

In the instant Petition, petitioner again challenges the sentence imposed for her 1995 conviction, and appears to assert as her grounds for relief that: (1) when she pleaded guilty in 1989, she had not been informed that that conviction could subsequently be used as a "strike" under California's Three Strikes Law to enhance a sentence imposed pursuant to a later conviction, and (2) because she never signed the two-page plea agreement in connection with which she pleaded guilty in her 1989 case, the use of her 1989 conviction to enhance her current sentence was invalid. (See Petition & Attachments at 1, 5-7).

As set forth above, a habeas petition is successive if it raises claims that *could have been* adjudicated on their merits in the prior petition. McNabb, 576 F.3d at 1029. Here, even if petitioner has raised different claims in the instant Petition than those raised in her 1999 Petition, these claims could have been raised in her 1999 Petition. Accordingly, given that the 1999 Petition was adjudicated on the merits and dismissed with prejudice, the instant Petition is successive.

In any event, even if it were found that any or all of the claims raised in the instant Petition satisfy 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B), petitioner is still required to seek authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A). Because petitioner has not presented any documentation showing that she has filed in the Ninth Circuit the requisite motion and received the requisite authorization to file a successive petition, the Court concludes that it is without jurisdiction to entertain the Petition under 28 U.S.C. § 2244(b). Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 798, 166 L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a

second habeas petition); Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'"). Absent the requisite authorization from the Ninth Circuit allowing a successive petition, the instant Petition must be dismissed without prejudice. See Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029-30 (C.D. Cal. 2003) (dismissing successive petition without prejudice to petitioner's right to seek authorization from the Ninth Circuit).

IT IS THEREFORE ORDERED that this action be **dismissed without prejudice**.

DATED: July 6, 2013

HONORABLE GARY A. FEESS
UNITED STATES DISTRICT JUDGE

**JS-6**